UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 09-1-KSF

UNITED STATES OF AMERICA                                PLAINTIFF

v.                               **OPINION & ORDER**

ROBERT ERNEST SILVEY                                DEFENDANT

\* \* \* \* \* \* \* \* \* \* \*

Currently before the Court is the motion [DE #47] of the defendant, Robert Ernest Silvey, for an order reinstating his previous bond conditions and allowing him to self-surrender for service of his federal sentence. This case arises out of Silvey's arrest by state law enforcement representatives in Fleming County, Kentucky on October 27, 2008 after a search of his residence. He was subsequently charged with violation of various state laws. Thereafter, on January 8, 2009, Silvey was named in a seven-count Indictment filed in this Court charging him with various violations of federal firearms and controlled substances laws. He was arrested, but was released on bond. Silvey's motion to suppress evidence and statements was denied, and he ultimately pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and to two counts of forfeiture. Silvey was sentenced on June 12, 2009 to 24 months imprisonment, 2 years of supervised release, and a $100 special assessment fee. He filed his appeal, challenging the denial of his motion to suppress. While on appeal, Silvey remained free on an appeal bond. By order of August 27, 2010, the United States Court of Appeals for the Sixth Circuit denied Silvey's appeal.

1

In the meantime, Silvey was convicted of Drug Paraphernalia, 1st Offense, Possession of Marijuana, and Possession of a Controlled Substance (Drug Unspecified), 1st Degree, 1st Offense, in Fleming Circuit Court based on the October 27, 2008 search of his residence. On April 29, 2010, he was taken into custody after a finding of guilt in state court. According to Silvey, his release date from state custody is July 4, 2011. The United States Marshals Service has lodged a detainer with state authorities so that he will be taken into federal custody upon completion of his state sentence.

Silvey now requests that he be released on bond upon completion of his state court sentence and be allowed to self-surrender once he is designated to a particular Federal Bureau of Prisons facility. Although Silvey believes it will only take a brief time for the designation to occur, he contends that his release on bond during this time would allow him time to put his affairs in order before service of his federal sentence.

Silvey's motion will be denied. While the Court originally intended to allow Silvey to self-surrender, his conviction on the state charges changes the Court's conclusion. Additionally, Silvey had adequate time to prepare for service of his federal sentence while he was on bond prior to being taken into state custody. Accordingly, the Court, being fully and sufficiently advised, hereby **ORDERS** that Silvey's motion to allow bond and self-surrender [DE # 47] is **DENIED**.

This May 12, 2011.



**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**